COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-535-CR
 
  
DERICK 
DUNCAN                                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
was tried and convicted of aggravated sexual assault of a child. He filed a 
postconviction motion for DNA testing, which the trial court denied. In one 
point on appeal, appellant challenges the trial court’s finding that DNA 
testing of the available evidence would not exonerate appellant because there 
was no semen found on the evidence that is available for testing. Appellant 
contends that semen is not the only type of material that could be tested; other 
biological material such as skin particles, other types of fluid, blood, and 
hair particles could be tested.
        The 
evidence at appellant’s trial showed that he had spent the afternoon with his 
ex-girlfriend’s daughter, the complainant. The complainant testified at trial 
that appellant put his penis in her vagina, but she didn’t see anything come 
out of it. The complainant’s mother signed an affidavit stating that when 
appellant brought complainant home, she immediately told her mother that 
appellant had been trying to have sex with her and made her take off her 
clothes.
        We 
hold that the trial court did not err in denying appellant’s motion. Although 
semen may not have been the only relevant testable material, there is no 
evidence that any other such material was present in the samples available for 
testing, nor would the absence of such materials necessarily be exculpatory. See 
Rivera v. State, 89 S.W.3d 55, 60 (Tex. Crim. App. 2002). Further, there was 
ample evidence other than what appellant wants tested, in the complainant’s 
direct testimony that appellant put his penis in her vagina. See Kutzner v. 
State, 75 S.W.3d 427, 437-40 (Tex. Crim. App. 2002). Accordingly, we hold 
that the trial court did not err in denying appellant’s motion for DNA 
testing. See Rivera, 89 S.W.3d at 59; Guzman v. State, 955 S.W.2d 
85, 89 (Tex. Crim. App. 1997). We overrule appellant’s sole point and affirm 
the trial court’s judgment.
   
    
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
  
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.